# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

February 17, 2015

James H. Hohenstein
(212) 513-3213
jim.hohenstein@hklaw.com

*Via ECF*

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 240
New York, New York  10007

    Re:    *UPT Pool Ltd. v. Dynamic Oil Trading (Singapore) Pte. Ltd., et al.*,
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9262 (VEC)

*Birch Shipping Ltd. v. O.W. Bunker China Ltd. (HK), et al.*,
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9282 (VEC)

*Clearlake Shipping Pte Ltd. v. O.W. Bunker (Switzerland) SA, et al.*,
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9286 (VEC)

*Clearlake Shipping Pte Ltd. v. O.W. Bunker (Switzerland) SA, et al.*,
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9287 (VEC)

*Bonny Gas Transport Limited v. O.W. Bunker Germany GmBH, et al.*,
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9542 (VEC)

*MT Cape Bird Tankschiffahrts GmBH v. O.W. USA Inc., et al.*,
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9646 (VEC)

*SHV Gas Supply & Risk Management SAS, et al., v. O.W. Bunker USA, Inc., et al.*,
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9720 (VEC)

*Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading L.L.C., et al.*,
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9949 (VEC)

*OSG Ship Management, Inc., et al., v. O.W. Bunker USA, Inc., et al.*,
U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 9973 (VEC)

Anchorage | Atlanta | Austin | Boston | Chicago | Dallas | Denver | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami
New York | Northern Virginia | Orlando | Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach
#34752333_v1

Honorable Valerie E. Caproni
United States District Judge
February 17, 2015
Page 2

> *Hapag-Lloyd Aktiengesellschaft v. O'Rourke Marine Services L.P., et al.,*
> U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 10027 (VEC)
>
> *Conti 149 Conti Guinea v. O.W. Bunker Panama S.A. et al.,*
> U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 10089 (VEC)
>
> *NYK Bulk & Project Carriers Ltd. v. O.W. Bunker USA, Inc., et al.,*
> U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 10090 (VEC)
>
> *Nippon Kaisha Line Ltd. v. O.W. Bunker USA, Inc., et al.,*
> U.S.D.C., S.D.N.Y., Docket No. 14 Civ. 10091 (VEC)
>
> *Hapag-Lloyd Aktiengesellschaft v. O.W. Bunker North America, Inc., et al.,*
> U.S.D.C., S.D.N.Y., Docket No. 15 Civ. 0190 (VEC)
>
> *APL Co. Pte Ltd, et al. v. O.W. Bunker Far East (Singapore) Pte. Ltd., et al.,*
> U.S.D.C., S.D.N.Y., Docket No. 15 Civ. 0620 (VEC)

Dear Judge Caproni:

We write on behalf of all the plaintiffs (collectively, "Vessel Interests") in the above-captioned matters to object to the relief requested in the filing made by NuStar Energy Services, Inc. ("NuStar") and U.S. Oil Trading LLC ("USOT") on February 13, 2015.[1]

In December 2014, the Court, on its own initiative (rather than as a result of motion practice) requested that the parties brief a particular question concerning the Court's interpleader jurisdiction and power to issue injunctive relief. (Doc. 8 at ¶2). The Court ordered that such briefs "shall be limited to 10 pages." Pursuant to that schedule Nustar and USOT filed a 10-page memorandum on January 14, 2015, and Defendant ING filed its own brief on that same date. Thereafter, Vessel Interests filed their joint 10-page memorandum, and the Debtors filed their own brief.

With their February 13, 2015, filing, NuStar and USOT have now moved for leave to a file a joint "reply" memorandum of law (Doc. No. 44) as well as a memorandum in support of the motion (Doc. 45). They also included with their filing a copy of the proposed reply memorandum (Doc. No. 44-1), which consists of an additional 10-pages of argument (in addition to their original memorandum). Vessel Interests oppose their request.

Turning first to the memorandum in support, the only authority offered by NuStar and USOT in support of the motion is a reference to Local Rule 6.1(b)(3) which concerns the submission of memoranda in motion practice. The citation is inapposite as the particular matter before the Court is not a motion. Simply put, the Court directed the parties to brief a specific question (*see* Doc. 8 at ¶2, pp. 4-5). As

---

[1] For the sake of consistency, all docket references in this letter will be to *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading L.L.C., et al.*, 14 Civ. 9949 (VEC) unless otherwise noted.

#34752333_v1

Honorable Valerie E. Caproni
United States District Judge
February 17, 2015
Page 3

directed by the Court, certain specified parties conferred and proposed a briefing schedule which was then approved by the Court (*see* Doc. 21 at p. 6).

Under the procedural stance of this case, the Vessel Interests respectfully submit that the parties have done as the Court ordered: the denominated issue has been briefed within the page limits set by the Court and neither NuStar nor USOT is entitled to make further submissions.

Further, the Vessel Interests also specifically take issue with NuStar's and USOT's unilateral submission of their "reply" memorandum as an exhibit to their notice of motion. We submit that the submission of the memorandum itself is inappropriate and should be stricken.

We also note NuStar's and USOT's objection to the Debtors'[2] submission on this issue (Doc. 71 in 14 Civ. 9720). It should be recalled that on the same day as NuStar and USOT submitted their joint brief (Doc. 32), claimant-defendant ING Bank N.V. ("ING") also made a submission (Doc. 35). No party has objected to ING's submission. As a practical matter, while the interests of Vessel Interests and the Debtors may have aligned on certain issues (such as the question briefed here), the generally adverse position between Vessel Interests (innocent stakeholders-plaintiffs) and the Debtors (claimants-defendants) in these litigations dictate that a common brief would not have been practical. That said, given the key issue presented by the question presented, Vessel Interests submit that it is relevant and helpful for the Court to hear from all the key stakeholders, i.e., the non-Debtor physical suppliers, ING, Debtors as well as the Vessel Interests.

Finally, if the Court decides to grant the relief requested and accept NuStar's and USOT's memorandum, then Vessel Interests respectfully request leave to submit a further memorandum (of no more than 10 pages in length) within a reasonable period of time (say two weeks from the date of the Court's Order).

We thank the Court for its attention to these matters.

Respectfully submitted,

James H. Hohenstein

JHH:mf

---

[2] As defined in Vessel Interests' letter to the Court dated January 5, 2015 (Doc. 23).

#34752333_v1

Honorable Valerie E. Caproni
United States District Judge
February 17, 2015
Page 4

cc:     Via ECF and E-mail to all counsel listed below

Vincent M. DeOrchis
Davis Wright
Robert E. O'Connor
Timothy Semenoro
**Montgomery McCracken Walter & Rhoads LLP**
*Attorneys for:*
O.W. Bunker USA Inc.,
O.W. Bunker North America Inc. and
O.W. Bunker Holding North America Inc.

Bruce G. Paulsen
Brian P. Maloney
**Seward & Kissel LLP**

- and -

Daniel Guyder
Joseph Badtke – Berkow
**Allen & Overy LLP**
*Attorneys for ING Bank N.V.*


Francis A. Montbach
Sara N. Lewis
**Mound Cotton Wollan & Greengrass**
*Attorneys for Harley Marine Services, Inc. and Westoil Marine Services, Inc.*


Darren T. Azman
**McDermott Will & Emery, LLP**
Attorneys for O.W. Bunker Germany GmbH

Peter S. Partee, Sr.
Michael P. Richman
Andrew Kamensky
**Hunton & Williams LLP**
*Attorneys for The Official Committee of Unsecured Creditors in In re O.W. Bunker Holding North America, Inc., et al., Chapter 11 Case No. 14-51720, Bankr. D. Conn.*

Thomas H. Belknap, Jr.
Keith Letourneau
**Blank Rome LLP**

- and -

James H. Neale
Christopher R. Hart
Michael M. Parker
Steve A. Peirce
**Fulbright & Jaworski LLP**
*Attorneys for NuStar Energy Services, Inc.*

John Keough
Casey Burlage
Corey Greenwald
**Clyde & Co.**
*Attorneys for Chemoil Latin America, Inc.*


George M. Chalos
Kerri M. D'Ambrosio
**Chalos & Co., P.C.**
*Attorneys for Exmar Shipping BVBA*

#34752333_v1

Honorable Valerie E. Caproni
United States District Judge
February 17, 2015
Page 5


Andrea J. Pincus
Lars Forsberg
Sarah Kam
**Reed Smith LLP**
*Attorneys for SHV Gas Supply & Risk*
  *Management SAS*


James H. Power
Arthur E. Rosenberg
Marie E. Larsen
**Holland & Knight LLP**
*Attorneys for UPT Pool Ltd., Birch Shipping Ltd., Clearlake Shipping Pte Ltd., Bonny Gas Transport Limited, MT Cape Bird Tankschiffahrts GmBH, Conti 149 Conti Guinea, NYK Bulk & Project Carriers Ltd., Nippon Kaisha Line Ltd., APL Co. Pte Ltd and American President Lines, Ltd.*

Peter J. Gutowski
Michael Fernandez
Gina M. Venezia
**Freehill Hogan & Mahar LLP**
*Attorneys for Hapag-Lloyd Aktiengesellschaft*

William F. Dougherty
Michael Walsh
**Burke & Parsons**
*Attorneys for OSG Ship Management, Inc. and 1372 Tanker Corp.*