UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| APL CO. PTE LTD and AMERICAN PRESIDENT LINES, LTD., individually and on behalf of<br>M/V APL SALALAH (IMO No. 9462029),<br>M/V APL ENGLAND (IMO No. 9218650),<br>M/V APL OAKLAND (IMO No. 9332250),<br>M/V APL SOUTHHAMPTON (IMO No. 9462017),<br>M/V APL THAILAND (IMO No. 9077123),<br>M/V APL CHINA (IMO No. 9074389),<br>M/V APL EGYPT (IMO No. 9196905),<br>M/V APL PHILIPPINES (IMO No. 9077276) and<br>M/V APL YANGSHAN (IMO No. 9462031),<br><br>                              Plaintiffs,<br><br>    - against -<br><br>O.W. BUNKER FAR EAST (SINGAPORE) PTE. LTD, O.W. BUNKER USA INC., O.W. BUNKER NORTH AMERICA INC., WESTOIL MARINE SERVICES, INC., ING BANK N.V.,<br><br>                              Defendants. | Case No. 15-cv-00620 (VEC)<br><br>**ANSWER OF ING BANK N.V. TO THE COMPLAINT FOR INTERPLEADER AND COUNTERCLAIM** |

Interpleader Defendant ING Bank N.V. ("ING Bank" or the "Bank"), by its attorneys, answers Interpleader Plaintiff APL Co. Pte. Ltd.'s ("Plaintiff" or "APL") Complaint for Interpleader (the "Complaint") as follows:

ING Bank denies each allegation in the Complaint except as hereinafter specifically admitted. With regard to the specific allegations of the numbered paragraphs of the Complaint, ING Bank responds as follows:

1.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Admits the allegations in paragraph 7 of the Complaint.

8. The allegations contained in paragraph 8 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. The allegations contained in paragraph 9 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. The allegations contained in paragraph 10 of the Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. The allegations contained in paragraph 11 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. The allegations contained in paragraph 12 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies the allegations in paragraph 12 of the Complaint.

13. The allegations in paragraph 13 state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except states that Exhibit 1 to the Complaint is a letter sent by PricewaterhouseCoopers LLP and ING Bank dated November 13, 2014.

21. Denies knowledge or belief sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71. States that the allegations contained in paragraph 71 of the Complaint and footnote 1 thereto state conclusions of law which require no response. To the extent that a response is required, ING Bank admits the allegations in paragraph 71 of the Complaint, but denies the allegations contained in footnote 1 thereto.

72. States that the allegations in paragraph 72 of the Complaint state legal conclusions which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint, except states that ING Bank acts as the Security Agent (the "Security Agent") under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities Agreement,

dated as of December 19, 2013 (the "Credit Agreement") and the related English Omnibus

Security Agreement, dated as of December 19, 2013 (the "Security Agreement", and together

with the Credit Agreement and all other agreements related or ancillary thereto, the "Finance

Documents"), each among ING Bank, defendants O.W. Bunker USA Inc., and O.W. Bunker

North America Inc. (together with and O.W. Bunker Holding North America Inc., the "OW

Bunker Debtors"), O.W. Bunker & Trading A/S, defendant O.W. Bunker Far East (Singapore)

Pte. Ltd. and certain of their affiliates.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 73 of the Complaint.

74.     States that the allegations contained in paragraph 74 of the Complaint state

conclusions of law which require no response.  To the extent that a response is required, ING

Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations

in paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 75 of the Complaint, except states that ING Bank is the Security Agent

pursuant to the Finance Documents and refers the Court to Exhibit 1 for the complete and

accurate contents thereof.

76.     States that the allegations contained in paragraph 76 of the Complaint and

footnote 2 thereto state conclusions of law which require no response.  To the extent that a

response is required, ING Bank denies knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 76 of the Complaint or footnote 2 thereto.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 77 of the Complaint.

78. States that the allegations contained in paragraph 78 of the Complaint state conclusions of law which require no response.  To the extent that a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79. States that the allegations contained in paragraph 79 of the Complaint state conclusions of law which require no response.  To the extent that a response is required, ING Bank denies the allegations in paragraph 79 of the Complaint.

80. States that the allegations contained in paragraph 80 of the Complaint state conclusions of law which require no response.  To the extent that a response is required, ING Bank denies the allegations in paragraph 80 of the Complaint.

81. States that the allegations contained in paragraph 81 of the Complaint state conclusions of law which require no response.  To the extent that a response is required, ING Bank denies the allegations in paragraph 81 of the Complaint.

82. States that the allegations contained in paragraph 82 of the Complaint state conclusions of law which require no response.  To the extent that a response is required, ING Bank denies the allegations in paragraph 82 of the Complaint.

To the extent a response to the allegations contained in the "prayer" paragraph, including all subparts, of the Complaint is required, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

83. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

84. Plaintiff has failed to demonstrate that there is a legitimate threat posed of multiple liability for the same obligation against it in this case, under statutory interpleader, rule interpleader or otherwise.

### THIRD AFFIRMATIVE DEFENSE

85. Plaintiff is not entitled to be discharged from its obligation to pay on its contract invoice.

### FOURTH AFFIRMATIVE DEFENSE

86. Plaintiff is not a disinterested or nominal party, and interpleader accordingly is improper under these circumstances.

### FIFTH AFFIRMATIVE DEFENSE

87. Recovery of attorney's fees is not permissible in this case because such recovery is not permitted by agreement between the parties, by statute or by court rule.

### SIXTH AFFIRMATIVE DEFENSE

88. ING Bank has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert, and rely upon, such additional affirmative defenses as may become available or apparent as discovery commences and progresses in this action.

**COUNTERCLAIM AND RESERVATION OF RIGHTS**

1. Interpleader Defendant ING Bank, by way of counter-claim against Interpleader Plaintiff APL and without waiving any rights, priorities, claims, defenses, or affirmative defenses, including those mentioned above, alleges as follows:

## PRELIMINARY STATEMENT

2.  OW Bunker & Trading A/S was an international provider of marine fuels that commenced in-court restructuring proceedings at the probate court in Alborg, Denmark in November, 2014.

3.  Certain other O.W. Bunker group entities have subsequently commenced insolvency proceedings in jurisdictions around the globe.

4.  ING bank is the Security Agent under the Finance Documents.

5.  After the bankruptcy of the OW Bunker Debtors, Plaintiff and other parties brought similar interpleader actions in this Court as well as other jurisdictions.

## FIRST COUNTERCLAIM
(against Interpleader Plaintiff APL Co. Pte. Ltd. for the Disputed Funds)

6.  ING Bank repeats and realleges paragraphs 1 through 5, as well as its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

7.  Defendants O.W. Bunker Far East (Singapore) Pte. Ltd. has, pursuant to the Finance Documents, assigned to ING Bank all of its rights in respect of all amounts owing by APL under its supply contracts, including unpaid invoices, totaling $10,509,510.53, plus interest on late payments pursuant to the O.W. Bunker's standard terms and conditions (the "Disputed Funds").

8.  Plaintiff admits that it has outstanding, unpaid invoices from O.W. Bunker Far East (Singapore) Pte. Ltd.

9.  Plaintiff is obligated to pay the Disputed Funds to ING Bank as assignee of O.W. Bunker Far East (Singapore) Pte. Ltd. pursuant to the Finance Documents.

## RESERVATION OF RIGHTS

10. ING Bank repeats and realleges paragraphs 1 through 9, as well as its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

11. ING Bank reserves the right to assert additional counter- or cross- claims or defenses, as necessary, against the parties to this action, including but not limited to claims or defenses it has regarding its status as senior secured creditor in respect of customer supply receivables owing to applicable O.W. Bunker entities. Such claims and defenses are neither necessary nor required to be asserted herein at this stage of the proceedings.

## **PRAYER**

WHEREFORE, ING Bank requests that the Court enter an order finding:

(1) Plaintiff has failed to state an appropriate claim for interpleader on the particular facts and circumstances asserted herein,

(2) Plaintiff is not entitled to be discharged from liability upon its obligation to pay all amounts payable under the invoices referenced in the Complaint without setoff or reduction, and that, in any event, ING Bank should be paid the Disputed Funds,

(3) that this proceeding be dismissed with prejudice,

(4) that ING Bank be awarded judgment on its counterclaim together with its attorneys' fees, interest, costs and expenses incurred in this action, and

(5) for such other and further relief as is just and proper.

New York, New York
March 30, 2015

                                       Respectfully submitted,

                                       SEWARD & KISSEL LLP

                                       By:  /s/ Bruce G. Paulsen
                                                         Bruce G. Paulsen
                                                         Brian P. Maloney
                                                         One Battery Park Plaza
                                                         New York, NY  10004
                                                         (212) 574-1200

SK 28644 0001 6406386 v3